IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HODGES JEROME JEFFERSON,**

    **Plaintiff,**

vs.                                                Case No. 4:07cv554-RH/WCS

**STATE ATTORNEY'S OFFICE, et al.,**

    **Defendants.**

                                          /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has submitted a motion to proceed *in forma pauperis*, doc. 2, supported by a financial affidavit. Plaintiff's affidavit is not entirely sufficient to demonstrate that Plaintiff cannot pay the Court's filing fee as Plaintiff indicates he does not own property, but then also states he does not rent property either. Furthermore, Plaintiff indicates no monthly payments on bills other than a $75.00 monthly fee for a storage facility. Doc. 2. Plaintiff indicates he receives approximately $845.00 per month from retirement or social security benefits, and an additional $509. per month from the V.A. It will be presumed, for Plaintiff's benefit, that he has other debts which he has failed to list, including rent or mortgage, utilities, and the like. Plaintiff's motion will be granted and Plaintiff will not be required to submit an amended financial affidavit.

Plaintiff simultaneously submitted a civil rights complaint under 42 U.S.C. § 1983 against Willie Meggs, the State Attorney, Governor Charlie Crist, and the Director of the State of Florida's Department of Highway Safety and Motor Vehicles.  Doc. 1.  Plaintiff provides no factual allegations in his complaint, lists no rights that have been violated, and states only in his request for relief that he would like the Court "to assist [him] in clearing [his] name . . . ."  Id., at 4.  This complaint is insufficient to state a claim upon which relief may be granted and should be dismissed.

Should Plaintiff be seeking to overturn a criminal conviction, or should he be facing charges that might be brought by the State Attorney, Plaintiff must pursue habeas relief in state court.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  Heck, at 487, 114 S.Ct. at 2372.  This has been referred to as the "favorable termination" requirement.  See Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998).  There are no facts upon which to even determine why Plaintiff is bringing this civil rights case, but if Plaintiff is attempting to clear his name by virtue of charges brought against him, the claim cannot proceed.  Furthermore, even if Plaintiff has outstanding criminal charges pending, the rule of Heck v. Humphrey still applies.  See  Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004), citing Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998).  Where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under Heck.  See

Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998); Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, is **GRANTED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2008.


    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**